IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID MOULTRIE,
    Petitioner,

vs.                                        Case No.:  3:10cv257/RV/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 8). Respondent filed an answer and relevant portions of the state court record (docs. 18, 20). Petitioner filed a reply (doc. 23).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 20).[2] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2004-CF-001099, with one count of trafficking in 14 grams or more, but less than

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary for the Department of Corrections. Secretary Tucker is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 20). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

28 grams, of illegal drugs, specifically, hydrocodone, in violation of Florida Statutes §§ 893.03(1)(b) or (2)(a), or 14 grams or more, but less than 28 grams, of any mixture containing hydrocodone, in violation of § 893.135(1)(c)1.b (Ex. B at 1). The offense conduct occurred on March 5, 2004 (*id.*). Following a jury trial on June 16, 2005, he was found guilty as charged (Ex. B at 6, Ex. C). On June 22, 2005, Petitioner was adjudicated guilty and sentenced to twenty (20) years of imprisonment, with pre-sentence credit of 142 days (Ex. B at 28–33). On July 20, 2005, the sentence was modified to run concurrently to Petitioner's sentence in Case No. 2003-CF-004249 (*id.* at 36–48).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D05-3604 (Ex. B at 49). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. E). Petitioner filed a pro se initial brief (Ex. F). The First DCA affirmed the judgment per curiam without written opinion on November 20, 2006, with the mandate issuing December 18, 2006 (Ex. H). Moultrie v. State, 944 So. 2d 354 (Fla. 1st DCA 2006) (Table). Petitioner did not seek further review.

On February 27, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I). He subsequently filed a notice of voluntary dismissal, and the state circuit court dismissed the motion without prejudice on May 3, 2007 (Ex. J).

On July 30, 2007, Petitioner filed another Rule 3.850 motion (Ex. K). On November 21, 2007, the state circuit court dismissed the motion on the ground that it did not contain a sufficient oath (Ex. L). The dismissal was without prejudice to Petitioner's filing an amended motion within thirty (30) days (*id.*). Petitioner timely filed an amended motion (Ex. M at 91–128). The court appointed counsel for Petitioner and held a limited evidentiary hearing on three of Petitioner's claims (*id.* at 155–58, 60–236). The state circuit court subsequently denied the Rule 3.850 motion (*id.* at 237–46). Petitioner appealed the decision to the First DCA, Case No. 1D09-2307 (Ex. N). The First DCA affirmed the decision per curiam without written opinion on May 11, 2010, with the mandate issuing May 27, 2010 (Exs. P, Q). Moultrie v. State, 35 So. 3d 34 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant federal habeas action on July 19, 2010 (doc. 1).  Respondent concedes the habeas petition is timely (doc. 18 at 3).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19.  In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> 
>    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
>    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established

---

[3] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87 (Jan. 19, 2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the

petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 2010 WL 609844, at *18. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows

Page 7 of  18

that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.     EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

---

[4]Section 2254 provides, in pertinent part:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A)  the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i)  there is an absence of available State corrective process; or
      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert

---

[5] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[6]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . .

---

[6] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

Case No. 3:10cv257/RV/EMT

.," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly

unfair manner.  Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[7]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

---

[7] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

*Id.*

Within this framework, the court will review Petitioner's claim.

IV.     PETITIONER'S CLAIM[8]

Ground Four: "Counsel was ineffective in her assistance when failing to obtain and present exculpatory evidence probative value [sic]."

Petitioner asserts the drug trafficking charge arose from an incident during which he and another person (later identified as Mr. Ducree) were standing together on a neighborhood street, and two deputies approached them (doc. 8 at 8). He states the deputies "accosted" them and found an envelope on the ground containing thirty-one (31) pills (*id.*). He states Deputy Berry claimed to have seen Petitioner throw the pills on the ground (*id.*). Laboratory testing of the pills showed twenty-nine (29) of them to contain hydrocodone (*id.* at 8, 11). Petitioner states prior to trial, Mr. Ducree identified himself as the person with Petitioner that night (*id.* at 11). During a pre-trial deposition, Mr. Ducree stated he had a prescription for the pills and told defense counsel he would bring documentation of his prescription with him when he testified at trial (*id.*). Mr. Ducree testified at trial that he had a prescription for the pills, but he failed to bring documentation corroborating his testimony (*id.*). Petitioner contends trial counsel was ineffective for failing to obtain the documentation (*id.*).

Respondent asserts Petitioner failed to properly exhaust this claim (doc. 18 at 8–9). Respondent states Petitioner raised this claim in his Rule 3.850 motion, but he failed to argue it in his initial brief on appeal of the denial of his Rule 3.850 motion. Therefore, he waived appellate review of the claim and, by doing so, failed to properly present it to the state court (*id.*). Respondent further contends Petitioner can no longer return to state court to litigate the claim; therefore, the claim is procedurally barred from federal review (*id.* at 9–10). Respondent additionally argues notwithstanding the exhaustion issue, Petitioner failed to demonstrate that the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law (*id.* at 27–31).

---

[8] Petitioner abandoned all claims in his amended habeas petition except Ground Four (doc. 23 at 7).

Case No. 3:10cv257/RV/EMT

In Petitioner's reply, he contends he fairly presented his claim in his post-conviction appeal (doc. 23 at 10–17). He additionally contends the state court's adjudication of the claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984) (*id.* at 17–19).

Respondent's procedural default argument is well founded. Petitioner raised the instant claim as Ground One in his Rule 3.850 motion (Ex. M at 97–98). He claimed that defense counsel, Ms. Cashwell, was ineffective for failing to obtain documentation of Mr. Ducree's prescription to corroborate his trial testimony (*id.*). The state circuit court appointed counsel for Petitioner and held an evidentiary hearing on this claim (*id.* at 155–58, 160–236). At the hearing, Petitioner's post-conviction counsel, Mr. Pfeiffer, sought to admit into evidence documentation of medications prescribed to Mr. Ducree (Petitioner had previously filed the documentation with the court prior to the court's appointing counsel for him) (*see id.* at 140–48, 175–80). Mr. Pfeiffer conceded that one page was missing from Mr. Ducree's ten-page medical record, which may have reflected Mr. Ducree's prescriptions at the time of the offense (*id.*).[9] Counsel for the State objected to admission of the documents on authenticity grounds (*id.* at 175–80). The court reserved ruling on the admissibility issue (*id.*). During closing arguments at the evidentiary hearing, Mr. Pfeiffer requested a continuance to enable him to subpoena Mr. Ducree's prescription records for the relevant period (*id.* at 217–18, 222). The court denied the motion for continuance on the ground that Petitioner had sufficient time to obtain the documents prior to the evidentiary hearing (*id.* at 229–33).

In the state circuit court's written order denying the Rule 3.850 motion, the court disposed of the instant claim as follows:

> In his first claim, Defendant alleges that counsel was ineffective for failing to obtain and present exculpatory evidence. At trial, the State asserted that Defendant was in possession of 29 tablets of Lortab, contained in a "balled up" envelope, which he threw to the ground as law enforcement approached. The defense called Curtis Ducree as a witness at trial. Mr. Ducree testified that he had actually been the individual who was with Defendant, and that he threw the envelope to the ground. Mr. Ducree further testified that the Lortabs were his, and that he had a prescription for the drugs. Mr Ducree did not produce his prescription in court.

---

[9] The offense occurred on March 5, 2004. Mr. Ducree's records reflected his prescriptions from June of 1995 to December of 2003, and from March of 2007 to January of 2008 (Ex. M at 140–48).

>       Defendant now asserts that counsel was ineffective for failing to produce Mr. Ducree's prescription. Defendant further argues that counsel knew that Mr. Ducree claimed to have a prescription, and that he would be testifying at trial. Defendant asserts in his memorandum that Mr. Ducree did not know he needed to bring the prescription, but had counsel acted properly in verifying and producing the prescription, Defendant argues, "the jury would have accepted Defendant's 'alibi' defense."
>
>       First, Mr. Ducree was not revealed as a witness to the State until the day of jury selection, which occurred June 13, 2005.[FN 3, reference to trial transcript]. Ms. Cashwell [defense counsel] said at the time of trial that she was provided his name on the day before jury selection.[FN 4, reference to trial transcript and Ducree deposition transcript]. Defendant's trial commenced on June 16. Furthermore, at deposition, taken June 15, Mr. Ducree was clearly informed that he needed to provide his prescription, and he stated that he could and would.[FN 5, reference to Ducree deposition transcript]. At trial, however, Mr. Ducree was only able to produce a "refill document" for another medication, not hydrocodone, but he maintained that he could get the prescription from the Veterans Administration clinic.[FN 6, reference to trial transcript].
>
>       At evidentiary hearing [sic], defense counsel Patrece Cashwell testified that she told Mr. Ducree at his deposition that she "would supply a taxi to take him to the VA clinic to get his prescription and bring it back to trial."[FN 7, reference to evidentiary hearing transcript and Ducree deposition transcript]. She did not recall specifically whether Mr. Ducree attempted to take advantage of her offer of transportation. Having considered the totality of the record and the testimony, the Court concludes that Defendant has failed to demonstrate either deficient performance or prejudice. Defendant has failed to present a prescription from Mr. Ducree which encompasses the relevant time period, and has failed to show that his counsel's performance was deficient. Defendant is not entitled to relief on the basis of his first claim.

(Ex. M at 239–40).

In Petitioner's brief on appeal of the state circuit court's decision, Petitioner's counsel argued only that the lower court abused its discretion by denying a continuance to permit Petitioner an opportunity to obtain Mr. Ducree's prescription records (Ex. N). Counsel further argued the court's ruling on the motion for continuance deprived Petitioner of his state and federal due process right to a full and fair hearing (*id.* at 11–12). Counsel argued the court's denial of the continuance unduly prejudiced Petitioner, because the lower court relied upon incomplete records in determining that Petitioner failed to satisfy the prejudice prong of the <u>Strickland</u> standard with regard to his

ineffective assistance of counsel claim (*id.* at 12–13).  Counsel argued if the court had granted the continuance, and if the prescription records established that Mr. Ducree had a prescription for hydrocodone at the time of Petitioner's arrest, Petitioner would have been able to establish Strickland prejudice (*id.* at 13–14).  As relief, counsel sought reversal of the order denying the Rule 3.850 motion and remand for an additional evidentiary hearing (*id.* at 14–15).

The Florida Rules of Appellate procedure provide that in a case where a movant's Rule 3.850 motion is denied after an evidentiary hearing, a movant wishing to appeal the denial of his motion must file an initial brief.  *See* Fla. R. App. P. 9.141(b)(3); *see also* Pennington v. State, 34 So. 3d 151, 152 n.1 (Fla. 1st DCA 2010) (briefing is required in appeal from non-summary denial of Rule 3.850 motion).  It is well established in Florida courts that claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for appellate review and are waived.  *See* Gamble v. State, 877 So. 2d 706 (Fla. 2004); Reed v. State, 875 So. 2d 415 (Fla. 2004); Cooper v. State, 856 So. 2d 969, 977 n.7 (Fla. 2003); Marshall v. State, 854 So. 2d 1235, 1252 (Fla. 2003) Sweet v. State, 810 So. 2d 854, 870 (Fla. 2002); Johnson v. State, 769 So. 2d 990, 1005–06 (Fla. 2000); Shere v. State, 742 So. 2d 215, 217 n.6 (Fla. 1999); Duest v. Dugger, 555 So. 2d 849, 852 (Fla. 1990) ("Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").  Florida courts consistently apply this rule.  Therefore, the undersigned concludes that the Florida procedural rule deeming as waived or abandoned those claims for which an appellant has not presented argument in his initial brief is a firmly established and regularly followed procedural rule for purposes of federal habeas.

Petitioner did not properly present to the First DCA a claim of error with respect to the lower court's substantive denial of his ineffective assistance of counsel claim; rather, he presented only a claim of procedural error with respect to the lower court's denial of his motion for continuance.  Although he referenced the court's substantive ruling in his initial brief, he did so only to demonstrate that the procedural ruling unduly prejudiced him, which is part of the showing he was required to make to demonstrate that the court's ruling constituted an abuse of discretion (*see* Ex. N at 11–14).  Further, the relief Petitioner sought from the appellate court was reversal and remand for an additional evidentiary hearing.  He did not request remand with directions to grant the Rule

3.850 motion as to the ineffective assistance of counsel claim, which is the relief requested and afforded when a Rule 3.850 movant challenges the lower court's substantive denial of a claim. *See* MacKinon v. State, 39 So. 3d 537, 538 (Fla. 3d DCA 2010) (reversing lower court's order denying ineffective assistance of counsel claim asserted in Rule 3.850 motion and remanding with directions to grant the motion and set aside movant's plea, conviction, and sentence); Labady v. State, 783 So. 2d 275 (Fla. 3d DCA 2001) (reversing lower court's order denying Rule 3.850 motion and remanding with instructions to grant motion).

In light of the record and the state procedural rule deeming as waived or abandoned those claims for which an appellant has not presented argument in his initial brief, the undersigned concludes Petitioner failed to properly exhaust his ineffective assistance of counsel claim in the state courts, because he waived post-conviction appellate review of the claim. Additionally, Petitioner has no available avenue through which he may properly exhaust his claim in the state courts, because the Florida procedural rules do not provide a second appeal of a state circuit court's denial of a Rule 3.850 motion. Therefore, the claim is considered procedurally defaulted for federal habeas purposes. Moreover, Petitioner does not allege cause for his failure to properly exhaust his claim;[10] and he has not shown he is entitled to review under any other recognized exception to the procedural bar. Therefore, he is not entitled to federal review of Ground Four.

Moreover, to the extent Petitioner's federal habeas claim presents the same claim he exhausted in the state courts, that is, a due process challenge to the post-conviction court's denial of his motion for continuance, federal relief is unavailable. The Eleventh Circuit has repeatedly held that defects in state collateral proceedings do not provide a basis for habeas relief. *See, e.g.*, Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam). The reasoning behind this well-established principle is straightforward:

---

[10] Even if Petitioner asserted ineffective assistance of post-conviction appellate counsel as cause for the procedural default, the Supreme Court held that ineffective assistance of counsel on appeal of a collateral proceeding does not constitute cause to overcome a procedural bar. *See* Coleman v. Thompson, 501 U.S. 722, 752–53, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also* Martinez v. Ryan, — S. Ct. —, 2012 WL 912950, at *10 (2012) (ineffective assistance of counsel can constitute cause of a procedural default in an initial-review collateral proceeding, but not an appeal from an initial-review collateral proceeding).

a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—that is, the conviction itself—and thus habeas relief is not an appropriate remedy. *See* Quince, 360 F.3d at 1261–62; Spradley, 825 F.2d at 1568.  Furthermore, such challenges often involve claims under state law, for example, Florida Rules of Criminal Procedure 3.050 and 3.850, which govern the availability of, and procedures attendant to, post-conviction proceedings in Florida.  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *See* McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).  Therefore, to the extent Petitioner claims that the state court violated his due process rights by denying a continuance of the post-conviction evidentiary hearing, under Rule 3.050 of the Florida Rules of Criminal Procedure, he is not entitled to relief.

V.      CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Edwin G. Buss as Respondent.

Case No. 3:10cv257/RV/EMT

And it is respectfully **RECOMMENDED**:

1. That the amended petition for writ of habeas corpus (doc. 8) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**